

NUMBER 13-09-00641-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

## IN THE INTEREST OF J.J.L., A CHILD

**On appeal from the 377th District Court of
Victoria County, Texas.**

## MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Yañez and Garza
Memorandum Opinion by Justice Yañez**

Appellant, Johnathan Lee, appeals the trial court's judgment terminating his parental rights with respect to J.L.L., a child.[1]  We affirm.

### I. *ANDERS* BRIEF

Pursuant to *Anders v. California*,[2] appellant's court-appointed appellate counsel has

---

[1] We refer to the parties by their initials to protect the identity of the child.  *See* TEX. R. APP. P. 9.8.

[2] 386 U.S. 738, 744 (1967).

filed a brief with this Court stating that, after examining the record, he has found the appeal to be without merit and frivolous.[3] After discussing the jurisdiction of the trial court, pretrial rulings, voir dire, the parties' opening statements, the Department of Family and Protective Services's case-in-chief, appellant's case-in-chief, the trial court's jury charge, argument of counsel, and the sufficiency of the evidence, counsel concludes that "no reversible error is reflected by the record" in this case.[4] Counsel's brief meets the requirements of *Anders* as it presents a professional evaluation showing why there are no non-frivolous grounds for advancing on appeal.[5]

In compliance with *High v. State*,[6] appellant's counsel has carefully discussed why, under controlling authority, there are no errors in the trial court's judgment. Counsel has informed this Court that he has forwarded a copy of the brief and his request to withdraw as counsel to appellant, examined the record and found no arguable grounds to advance on appeal, and informed appellant of his right to review the record and to file a pro se

---

[3] *See Porter v. Tex. Dept. of Protective & Regulatory Servs.*, 105 S.W.3d 52, 56 (Tex. App.–Corpus Christi 2003, no pet.) (concluding "that when appointed counsel represents an indigent client in a parental termination appeal and concludes that there are no non-frivolous issues for appeal, counsel may file an *Anders*-type brief").

[4] Appellee, the Texas Department of Family and Protective Services, has filed a brief stating that it agrees that "no reversible errors occurred in the trial of [a]ppellant's case."

[5] *See In re Schulman*, 252 S.W.3d 403, 407 n.9 (Tex. Crim. App. 2008) ("In Texas, an *Anders* brief need not specifically advance 'arguable' points of error if counsel finds none, but it must provide record references to the facts and procedural history and set out pertinent legal authorities.") (citing *Hawkins v. State*, 112 S.W.3d 340, 343-44 (Tex. App.–Corpus Christi 2003, no pet.)); *Stafford v. State*, 813 S.W.2d 503, 510 n.3 (Tex. Crim. App. 1991) (en banc).

[6] *High v. State*, 573 S.W.2d 807, 813 (Tex. Crim. App. [Panel Op.] 1978).

response.[7] More than an adequate period of time has passed, and appellant has not filed a pro se response.[8]

## II. INDEPENDENT REVIEW

Upon receiving an *Anders* brief, we must conduct a full examination of all the proceedings to determine whether the case is wholly frivolous.[9] We have reviewed the entire record and counsel's brief and have found nothing that would arguably support an appeal.[10] Accordingly, we affirm the judgment of the trial court.

## III. MOTION TO WITHDRAW

In accordance with *Anders*, appellant's attorney has asked this Court for permission to withdraw as counsel for appellant.[11] We grant counsel's motion to withdraw.

---

[7] *See Anders*, 386 U.S. at 744; *Stafford*, 813 S.W.2d at 510 n.3; *see also In re Schulman*, 252 S.W.3d at 409 n.23. The Texas Court of Criminal Appeals has held that, in a criminal context, "the pro se response need not comply with the rules of appellate procedure in order to be considered. Rather, the response should identify for the court those issues which the indigent appellant believes the court should consider in deciding whether the case presents any meritorious issues." *In re Schulman*, 252 S.W.3d at 409 n.23 (quoting *Wilson v. State*, 955 S.W.2d 693, 696-97 (Tex. App.–Waco 1997, no pet.)).

[8] *See In re Schulman*, 252 S.W.3d at 409.

[9] *See Penson v. Ohio*, 488 U.S. 75, 80 (1988); *see also In re K.B.R.R.K.*, No. 13-10-00136-CV, 2010 Tex. App. LEXIS 6328, at *3-4 (Tex. App.–Corpus Christi Aug. 5, 2010, no pet. h.) (mem. op.); *In re G.M.*, No. 13-08-00569-CV, 2009 Tex. App. LEXIS 6509, at *3-4 (Tex. App.–Corpus Christi Aug. 20, 2009, no pet.) (mem. op.); *In re M.P.O.*, No. 13-08-00316-CV, 2009 Tex. App. LEXIS 103, at *3-4 (Tex. App.–Corpus Christi Jan. 8, 2009, no pet.) (mem. op.).

[10] *See Bledsoe v. State*, 178 S.W.3d 824, 826-28 (Tex. Crim. App. 2005) ("Due to the nature of *Anders* briefs, by indicating in the opinion that it considered the issues raised in the briefs and reviewed the record for reversible error but found none, the court of appeals met the requirement of Texas Rule of Appellate Procedure 47.1."); *Stafford*, 813 S.W.2d at 509.

[11] *See Anders*, 386 U.S. at 744; *see also In re Schulman*, 252 S.W.3d at 408 n.17 (citing *Jeffery v. State*, 903 S.W.2d 776, 779-80 (Tex. App.–Dallas 1995, no pet.) (noting that "[i]f an attorney believes the appeal is frivolous, he must withdraw from representing the appellant. To withdraw from representation, the appointed attorney must file a motion to withdraw accompanied by a brief showing the appellate court that the appeal is frivolous") (citations omitted)).

Within five days of the date of this Court's opinion, counsel is ordered to send a copy of the opinion and judgment to appellant and to advise appellant of his right to file a petition for review to the Texas Supreme Court.[12]

LINDA REYNA YAÑEZ,
Justice

Delivered and filed the
30th day of August, 2010.

---

[12] *See In re K.D.*, 127 S.W.3d 66, 68 n.3 (Tex. App.–Houston [1st Dist.] 2003, no pet.) (citing *Ex parte Wilson*, 956 S.W.2d 25, 27 (Tex. Crim. App. 1997)). No substitute counsel will be appointed. Should appellant wish to seek further review of this case by the Texas Supreme Court, he must either retain an attorney to file a petition for review or file a pro se petition for review. Any petition for review must be filed within forty-five days after the date of either this opinion or the last ruling by this Court on all timely filed motions for rehearing or en banc reconsideration. TEX. R. APP. P. 53.7(a). Any petition for review must comply with the requirements of rule 53.2 of the Texas Rules of Appellate Procedure. *See id.* at R. 53.2.